INTHE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ADVANCED TESTING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CDI CORPORATION and THE M&T COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) CIVIL ACTION NO. 5:13-CV-79(MTT) ) ) ) ) ) ) |

## ORDER

Before the Court is the Defendants' Motion to Dismiss.  (Doc. 9).  The Defendants contend, first, that the Plaintiff's tortious interference claims are superseded by the by the Georgia Trade Secrets Act, O.C.G.A. § 10-1-760, *et seq*.  Further, the Defendants contend that even if the claims are not superseded by the GTSA, the Defendants are shielded from liability for tortious interference by Georgia's fair competition privilege.

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff."  *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).  However, "[w]here the well-pleaded facts do not permit the court

to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

With regard to the GTSA, the Plaintiff's tortious interference claims will only be superseded "where the full extent of the Plaintiff's tort claims rely on the same allegations as those underlying the Plaintiff's claim for misappropriation of trade secret." *Diamond Power International, Inc. v. Davidson*, 540 F. Supp. 2d 1322, 1345 (N.D. Ga. 2007) (internal citations and quotations omitted).  Further, if a claim "seeks to remedy an injury caused not by the misappropriation of proprietary information, but by separate conduct-such as … the improper interference with contractual relationships respecting something other than proprietary information," such a claim will not be superseded by the GTSA.  *Id.  See also Professional Energy Management v. Necaise*, 300 Ga. App. 223, 225, 684 S.E. 2d 374, 377 (2009) (stating same).

Here, the Plaintiff does not base its tortious interference claims against the Defendants on any allegation that the Defendants misappropriated proprietary information.  Rather, the Plaintiff alleges that the Defendants' wrongful conduct is their false representation to the Benchtop Reconfigurable Automatic Tester Program Office at Robins Air Force Base that the United States Air Force did not need to honor its contract[1] with the Plaintiff because the "antiquated" phase noise measurement module could be salvaged and reconstructed by the Defendants to comply with the 1999 mandatory Radar System Improvement Program specifications.  (Doc. 1 at 10, ¶ 35).

---

[1] The Plaintiff alleges that in September 2008, the Plaintiff and the Air Force reached an agreement wherein the Air Force would purchase ten new phase noise measurement modules from the Plaintiff (and other corresponding services). (Doc. 1 at 5, ¶ 14).  The Plaintiff supplied the Air Force with three of the new modules before the Air Force obtained service from the Defendants to repair the "antiquated" modules.  The Plaintiff further alleges that the Air Force never proceeded with the completion of the contract, i.e., the Air Force never purchased the remaining seven modules.

Thus, the Defendants' contention that the Plaintiff's tortious interference claims are superseded by the GTSA is unfounded.[2]

However, it is apparent to the Court that the Plaintiff's claims hinge on whether or not the Defendants falsely misrepresented to the Air Force their ability to salvage the phase noise measurement modules in compliance with the 1999 mandatory RSIP requirements.  Thus, as the parties will notice in the Court's Rules 16/26 Order, the Court will require that the scheduling and discovery order be drafted to focus—at least initially—on this issue.

For these reasons, the Defendants' Motion is **DENIED**.

**SO ORDERED**, this 6th day of June, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Further, the Court is not persuaded that—as a matter of law—the Defendants are entitled to the protection of Georgia's Fair Competition Privilege.   First, the burden is on the Defendants to demonstrate their conduct is protected by the privilege.  *Hayes v. Irwin*, 541 F. Supp. 397, 430 (N.D. Ga. 1982). Further, the Plaintiff has properly alleged that the Defendants "employ[ed] improper means" when allegedly causing the Air Force to discontinue business with the Plaintiff.  This allegation alone takes the Defendants' alleged conduct outside the scope the privilege.  Restatement of Torts § 768 (1)(b) (explaining that the privilege does not apply when the actor employs improper means).